F. #2020R01134

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | STIPULATION AND ORDER |
| - against - | 22 CR 43 (DG) |
| SHIMSHON MANDEL, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

WHEREAS, the discovery materials to be provided by the government in the above-captioned case (hereinafter, the "Discovery Materials") contain personal financial information and personally identifiable information regarding various specific individuals, including information relating to the bank accounts, addresses, social security numbers and dates of birth of those individuals, and financial information for specific corporations, including information related to bank accounts (collectively hereinafter "PII"),

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

1. The Discovery Materials can be used by the defendant and his defense counsel in this matter only for purposes of trial preparation, defense at trial against the charges set forth in the above-captioned indictment, and any related appellate matters arising from the above-referenced trial.

2. The defendant may possess a copy of the Discovery Materials except for those documents that contain PII of persons other than the defendant. For Discovery Materials that contain any PII other than that of the defendant, the defendant may not possess a copy unless

the PII has been redacted from those documents. However, the defendant may review unredacted Discovery Materials in the presence of his attorney or through use of an electronic discovery platform that does not allow him to download, print or forward the material. The defendant shall not, under any circumstances, disclose or disseminate the Discovery Materials containing PII to any person, except as provided in paragraphs 3 and 4.

3. Absent further order of the Court, the defendant and his defense counsel may not disclose or disseminate the Discovery Materials containing PII (even if the PII has been redacted) or any information contained in those documents to anyone who has not signed this Stipulation and Order, other than to defense counsel's legal staff and any potential expert witnesses, vendors, consultants and/or investigators who first are advised of and agree to be bound by the terms of this Stipulation and Order, or as provided in Paragraph 4. If the defendant, his defense counsel, or anyone else who has received Discovery Materials containing PII from the defendant or his counsel pursuant to the terms of this Stipulation and Order seeks to make further disclosure or dissemination of the Discovery Materials with PII (even if the PII has been redacted), notice must first be provided to the government and the Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof.

4. Defense counsel may disclose or discuss the Discovery Materials to or with a person being contacted or interviewed by defense counsel or defense staff as a potential witness, provided that: (a) any PII has been redacted from the Discovery Materials before it is disclosed; (b) that such witness has been advised of and agreed to be bound by the terms of this Stipulation and Order; and (c) that neither the potential witness nor any counsel for the potential witness is permitted to review, handle, or otherwise possess any Discovery Materials outside the

presence of defense counsel or defense staff. In addition, defense counsel may disclose or discuss unredacted Discovery Materials with a potential witness or potential witness's counsel if the requirements set forth in subsections (b) and (c) of the prior sentence are met, and either: (1) the potential witness was a sender or recipient of the documents or communications containing the unredacted PII; or (2) the potential witness is the individual to whom the unredacted PII relates. In no case, however, may defense counsel or defense staff allow potential witnesses or their counsel to obtain or maintain a physical or electronic copy of any Discovery Materials, redacted or unredacted.

5. In the event that the defendant seeks to file Discovery Material with the Court or otherwise use Discovery Materials during a court proceeding, the defendant and his counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect PII and financial information, and will seek permission from the Court to offer the redacted versions of Discovery Material into evidence unless it is necessary to offer the unredacted version.

6. The defendant and his counsel will return to the government all copies of the Discovery Materials provided by the government through discovery in this case at the conclusion of this matter, specifically either within 30 days of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing if no appeal is filed, (c) the issuance of an appellate decision rendering a final judgment, or (d) the conclusion of any collateral appeal or attack on any decision.

7. Any violation of this Stipulation and Order will be raised with and determined by the Court, and may result in sanctions to be imposed by the Court.

Dated: Brooklyn, New York
March ___, 2022

BREON PEACE
United States Attorney

By: *Benjamin Weintraub*
Benjamin Weintraub
Assistant U.S. Attorney
(718) 254-6519

FOR THE DEFENDANT:

*Shimshon Mandel* /AB
Shimshon Mandel
Defendant

*Gedalia Stern* /AB
Gedalia Stern, Esq.
Attorney for Mandel

So Ordered.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

4